FILED ___  ENTERED ___  RECEIVED ___  SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 19 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRANDON T. DALBY,

    Plaintiff,

v.

QUALITY LOAN SERVICE CORPORATION; et al.,

    Defendants.

2:11-cv-1220-LRH-PAL

ORDER

Before the court is plaintiff Brandon T. Dalby's ("Dalby") motion to remand filed on August 17, 2011. Doc. #12.[1]

## I. Facts and Procedural History

On January 5, 2007, Dalby purchased real property through a mortgage note and deed of trust originated by non-party lender Best Rate Funding Corporation. Eventually, Dalby defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Dalby filed a complaint in state court against defendants. Doc. #1, Exhibit A. Defendants removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, Dalby filed the present motion to remand. Doc. #12.

///

---

[1] Refers to the court's docket entry number.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity case, if a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id.* Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. Discussion

In his motion, Dalby concedes that the parties are diverse for diversity jurisdiction purposes, but argues that defendant's notice of removal is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. The court has reviewed the document and pleadings in this matter and finds that the amount in controversy exceeds the $75,000 threshold. In his complaint, Dalby is seeking to quiet title in the property and have the outstanding $221,000 loan extinguished, along with additional claims for damages related to the underlying causes of action. Therefore, the court finds that the amount in controversy has been met and the exercise of diversity jurisdiction is proper.

///

1  IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #12) is DENIED.

2  IT IS SO ORDERED.

3  DATED this ___15___ day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3