UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRANDON T. DALBY,

    Plaintiff,

v.

QUALITY LOAN SERVICE CORPORATION; et al.,

    Defendants.

2:11-CV-1220-LRH-PAL

ORDER

    Before the court are defendants Saxon Mortgage Services, Inc. ("SAXON"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Deutsche Bank National Trust Company's ("Deutsche Bank") motion to dismiss (Doc. #6[1]) and motion to expunge lis pendens (Doc. #7) to which defendant Quality Loan Service Corporation ("QLS") joined (Doc. #10). Pro se plaintiff Brandon T. Dalby ("Dalby") filed an opposition (Doc. #13) to which moving defendants replied (Doc. #14).

**I.    Facts and Procedural History**

    On January 5, 2007, Dalby purchased real property through a mortgage note and deed of trust executed by non-party Best Rate Funding Corp. ("Best Rate"). Dalby defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

---

[1] Refers to the court's docketing number.

Subsequently, on July 6, 2011, Dalby filed a complaint against defendants alleging twelve causes of action: (1) negligent misrepresentation; (2) false representation; (3) fraudulent misrepresentation; (4) and (5) fraudulent attempt to sell; (6) fraudulent misrepresentation; (7) through (11) recording false documents; and (12) injunctive and declaratory relief. Doc. #1, Exhibit A. Thereafter, moving defendants filed the present motions to dismiss and to expunge lis pendens. Doc. ##6,7.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

    **A.  Fraud Based Claims**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Dalby fails to sufficiently allege any of his fraud and fraudulent misrepresentation claims. There are no specific allegations of who failed to provide information or what information was not provided. Further, Dalby fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that Dalby's allegations are insufficient to support his fraud based claims.

///

///

**B. Slander of Title Claims**

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notices of trustee's sale are not false and malicious communications disparaging Dalby's title. First, Dalby concedes that he was in default on his loan at the time the notices were recorded. Thus, the notice of default does not make a false statement about his title to the property. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds that Dalby has failed to state a claim for slander of title.

**C. Declaratory and Injunctive Relief**

Claims for injunctive or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief); *State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.*, 860 P.2d 176, 178 (Nev. 1993) ("It is axiomatic that a court cannot provide a remedy unless it has found a wrong. [T]he existence of a right violated is a prerequisite to the granting of an injunction."). Here, Dalby fails to establish any claim for relief, and as such, he is not entitled to injunctive or declaratory relief. Accordingly, the court shall grant moving defendants' motions.

However, because Dalby is a pro se plaintiff, the court shall grant him leave to file an amended complaint to address the identified pleading defects.

///

///

///

///

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #6) and motion to expunge lis pendens (Doc. #7) are GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that defendants Saxon Mortgage Services, Inc.; Mortgage Electronic Registration Systems, Inc.; and Deutsche Bank National Trust Company shall have ten (10) days after entry of this order to prepare an appropriate order expunging lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that plaintiff Brandon T. Dalby shall have twenty (20) days after entry of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this 28th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5