1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                    * * *
                                       )
9    BRANDON T. DALBY,                  )
                                       )
10              Plaintiff,              )          2:11-cv-1220-LRH-PAL
                                       )
11    v.                                )
                                       )          ORDER
12   QUALITY LOAN SERVICE               )
     CORPORATION; et al.,               )
13                                      )
                Defendants.             )
14   _____ )

15          Before the court is plaintiff Brandon T. Dalby's ("Dalby") motion to reconsider the court's

16   order denying his motion to remand (Doc. #19[1]). Doc. #21.

17   **I.      Facts and Procedural History**

18          On January 5, 2007, Dalby purchased real property through a mortgage note and deed of

19   trust originated by non-party lender Best Rate Funding Corporation. Eventually, Dalby defaulted on

20   the mortgage note and defendants initiated non-judicial foreclosure proceedings.

21          Subsequently, Dalby filed a complaint in state court against defendants. Doc. #1, Exhibit A.

22   Defendants removed the action to federal court based upon diversity jurisdiction. Doc. #1. In

23   response, Dalby filed a motion to remand (Doc. #12) which was denied by the court (Doc. #19).

24   Thereafter, Dalby filed the present motion for reconsideration. Doc. #21.

25

26          _____
                 [1] Refers to the court's docket entry number.

## II.     Discussion

Dalby brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. Fed. R. Civ. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, Dalby contends that the court's prior order was in error because the amount in controversy in this action is not greater than the $75,000 amount in controversy requirement to establish diversity jurisdiction. *See* Doc. #21. The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's order is not warranted. Dalby argues that he is no longer seeking to quiet title to the property in his name, but his underlying causes of action seek to void the non-judicial foreclosure and extinguish the outstanding $221,000 loan. As such, the court finds that the amount in controversy has been met and the exercise of diversity jurisdiction is proper. Therefore, the court shall deny Dalby's motion for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion to reconsider (Doc. #21) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2