1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                    * * *
                                       )
9    BRANDON T. DALBY,                  )
                                       )
10              Plaintiff,              )         2:11-CV-1220-LRH-PAL
                                       )
11   v.                                 )
                                       )         ORDER
12   QUALITY LOAN SERVICE               )
     CORPORATION; et al.,               )
13                                      )
                Defendants.             )
14   _____ )

15          Before the court are defendants Saxon Mortgage Services, Inc. ("SAXON"); Mortgage

16   Electronic Registration Systems, Inc. ("MERS"); and Deutsche Bank National Trust Company's

17   ("Deutsche Bank") motion to dismiss (Doc. #27[1]) to which defendant Quality Loan Service

18   Corporation ("QLS") joined (Doc. #28). Pro se plaintiff Brandon T. Dalby ("Dalby") filed an

19   opposition (Doc. #30) to which moving defendants replied (Doc. #31).

20   **I.    Facts and Procedural History**

21          On January 5, 2007, Dalby purchased real property through a mortgage note and deed of

22   trust executed by non-party Best Rate Funding Corp. ("Best Rate"). Dalby defaulted on the loan

23   and defendants initiated non-judicial foreclosure proceedings.

24          Subsequently, Dalby filed an initial complaint against defendants for wrongful foreclosure

25

26
     _____

          [1] Refers to the court's docketing number.

1  (Doc. #1, Exhibit A) and then filed an amended complaint for fraud related to the foreclosure

2  (Doc. #25). Thereafter, moving defendants filed the present motion to dismiss. Doc. #27.

3  **II.    Legal Standard**

4        Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

5  to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state

6  a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

7  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

8  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

9  entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

10  detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

11  formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

12  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

13        Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

14  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

15  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

16  the court to draw the reasonable inference, based on the court's judicial experience and common

17  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

18  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

19  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

20  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

21  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

22        In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

23  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

24  the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

25  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

26

2

1   (internal quotation marks omitted). The court discounts these allegations because "they do nothing

2   more than state a legal conclusion—even if that conclusion is cast in the form of a factual

3   allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

4   dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

5   plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

6   **III.   Discussion**

7          The doctrine of res judicata precludes a party from re-litigating issues in one court that have

8   already been fully litigated on the merits in another court. *See Five Star Capital Corp. v. Ruby*, 194

9   P.3d 709, 713 (Nev. 2008). Res Judicata takes on two different forms: claim preclusion and issue

10  preclusion.  *Id.* Here, defendants argue that claim preclusion bars the present action.

11         "'Claim preclusion is a broad doctrine that bars bringing claims that were previously

12  litigated as well as some claims that were never before adjudicated.'"*Holcombe*, 477 F.3d at 1097

13  (quoting *Allen v. McCurry*, 449 U.S. 90, 93 (1980)). Claim preclusion applies when: (1) the issues

14  in the prior litigation are identical to the present action; (2) the initial ruling was final and on the

15  merits; (3) the party against whom judgment is asserted was a party or in privity with a party in the

16  initial action; and (4) the issue was actually litigated. *Five Star Capital Corp.*, 194 P.3d at 713.

17  "[U]nder Nevada state law, claim preclusion acts to bar both claims that could have been asserted

18  in the prior action and alternative grounds of recovery." *Id*. at 1098 (citing *Rosenthal v. Nevada*,

19  514 F.Supp. 907, 912 (D. Nev. 1981)). In Nevada, a claim "encompasses all claims that arise out of

20  a single set of facts." *Id.* (citing *Firsching v. Ferrara*, 578 P.2d 321, 322 (Nev. 1978)).

21         Here, defendants contend that they should be dismissed from the present action because

22  they were parties to, or in the case of defendant Deutsche Bank in privity with parties to, a

23  previously litigated and dismissed action initiated by Dalby, *Dalby v. Quality Loan Service, Inc.*,

24  case no. 2:10-cv-2231-PMP-GWF. *See* Doc. #27. The court has reviewed the documents and

25  pleadings on file in this matter and agrees.

26
                                                  3

The prior action involved similar claims arising from the same set of facts, namely, that defendants initiated improper non-judicial foreclosure proceedings on Dalby's property and recorded various documents on his title that were fraudulent. *See* Doc. #1, Exhibit A, case no. 2:10-cv-2231-PMP-GWF. That action was disposed of on the merits. *See* Doc. #39, case no. 2:10-cv-2231-PMP-GWF. Dalby's current claims for fraud and negligence could have been asserted in the earlier action because the alleged fraudulent recordations were known to him at that time and arose from the same set of operative facts, the non-judicial foreclosure of his property. The fact that Dalby chose not to raise these issues in his prior suit does not defeat claim preclusion. *See Olson v. Morris*, 188 F.3d 1083, 1086-87 (9th Cir. 1999) (stating that a party's failure to raise a defense he had the right to raise in an administrative hearing does not defeat application of res judicata). Finally, moving defendants were either all parties to the previous action in the case of defendants Saxon, MERS, and QLS, or, in the case of defendant Deutsche Bank, in privity with those defendants as the current beneficiary under the deed of trust. Accordingly, the court shall grant defendants' motion to dismiss.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #27) is GRANTED. Defendants Saxon Mortgage Services, Inc.; Mortgage Electronic Registration Systems, Inc.; Deutsche Bank National Trust Company; and Quality Loan Service Corporation are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 27th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE