UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| BRANDON T. DALBY,<br><br>              Plaintiff,<br><br> v.<br><br>QUALITY LOAN SERVICE<br>CORPORATION; et al.,<br><br>              Defendants. | 2:11-cv-1220-LRH-PAL<br><br><br>ORDER |

Before the court is plaintiff Brandon T. Dalby's ("Dalby") second motion to remand filed on December 8, 2011. Doc. #32.[1]

**I.    Facts and Procedural History**

On January 5, 2007, Dalby purchased real property through a mortgage note and deed of trust originated by non-party lender Best Rate Funding Corporation. Eventually, Dalby defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Dalby filed a complaint in state court against defendants. Doc. #1, Exhibit A. Defendants removed the action to federal court based upon diversity jurisdiction. Doc. #1. In response, Dalby filed a motion to remand (Doc. #12) which was denied by the court (Doc. #19). Dalby then filed a motion for reconsideration of the court's order (Doc. #21) which was also denied

---

[1] Refers to the court's docket entry number.

1   by the court (Doc. #31). Thereafter, Dalby filed the present second motion to remand. Doc. #32.

2   **II.     Discussion**

3           In his renewed motion to remand, Dalby once again concedes that the parties are diverse for

4   diversity jurisdiction purposes, but still contends that the amount in controversy does not exceed

5   $75,000. Initially, the court notes that Dalby has failed to present any new argument or evidence to

6   the court that has not already been addressed in the court's prior orders denying remand. *See*

7   DOC. ##19, 31. As such, the court finds that there is no basis to reconsider the court's exercise of

8   diversity jurisdiction in this matter. Further, the court finds that the amount in controversy exceeds

9   the $75,000 threshold because Dalby is challenging the non-judicial foreclosure of his property

10  based on a mortgage note exceeding $221,000. Therefore, the court finds that the amount in

11  controversy has been met and the exercise of diversity jurisdiction is proper.

12

13          IT IS THEREFORE ORDERED that plaintiff's second motion to remand (Doc. #32) is

14  DENIED.

15          IT IS SO ORDERED.

16          DATED this 16th day of April, 2012.

17

18                                                    _____

19                                                    LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26                                                    2